IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07-cr-177 |
| v. ) | |
| ) | The Honorable Claude M. Hilton |
| RAJ KUMAR BANSAL, ) | |
| ) | Hearing: June 24, 2016 |
| Defendant. ) | |

**GOVERNMENT'S POSITION WITH RESPECT TO
DEFENDANT'S SUPERVISED RELEASE VIOLATIONS**

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, submits the following memorandum on the supervised release violations of Raj Kumar Bansal (hereinafter "defendant"), as documented in the Petition on Supervised Release submitted by U.S. Probation Officer Elissa F. Martins on April 27, 2016. The government submits that defendant violated the conditions of supervised release by associating with a person convicted of a felony without the permission of the probation officer, and failing to answer truthfully all inquiries of the probation officer. For the reasons stated below, the government respectfully recommends that the Court find defendant in violation of the terms of supervised release and modify those conditions to include a short period of incarceration. The government further recommends that the Court continue defendant on supervised release following any period of confinement.

1

## BACKGROUND

### I. Underlying Conviction

On June 2, 2007, defendant was indicted on various counts, including racketeering in violation of 18 U.S.C. § 1962(d). On September 21, 2007, defendant pleaded guilty to one count of racketeering in violation of 18 U.S.C. § 1962(d) and stipulated to a statement of facts admitting to a pattern of operating illegal gambling businesses in violation of 18 U.S.C. §1955 and a money laundering conspiracy in violation of 18 U.S.C. §1956(h). This offense carries a maximum penalty of 20 years in prison, a maximum fine of $250,000, full restitution, a maximum of five years of supervised release, and a $100 special assessment. The Court entered judgment on December 6, 2007 and sentenced defendant to a term of one hundred months of imprisonment, three years of supervised release, and a $100 special assessment. Defendant was released from the Bureau of Prisons (BOP) and commenced his supervised release term on August 6, 2014.

### II. Current Alleged Violations on Supervised Release

On April 27, 2016, U.S. Probation Officer Elissa F. Martins submitted a Petition on Supervised Release, alleging that defendant violated the conditions of his supervised release by: (1) association with a person convicted of a felony without the permission of the probation officer, and (2) failure to answer truthfully all inquiries by the probation officer.

In the Petition, the Probation Officer alleges that on April 13, 2016, she conducted an unannounced visit to the defendant's home, where she found defendant and one individual (referred to herein as "Bill") sitting in the living room, with no one else in the house. Upon questioning defendant regarding the identity of the individual, defendant stated that Bill was a friend of defendant's son, Nickolas K. Bansal ("Nick"). At first, defendant stated that he did not know how his son Nick met Bill, but later stated that he knew that Nick worked with Bill.

Following the incident, the Probation Officer investigated the identity of Bill, and verified that Bill is a convicted felon who served prison time at the Federal Correctional Facility (FCI) Cumberland from December 2007 to December 2008 on a conviction on two counts, Conspiracy to Possess and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846, and Distribution of Cocaine, in violation of 21 U.S.C. § 841.  The Probation Officer also verified that defendant did not have permission to associate with this individual.

The Petition further alleges that a week later, on April 21, 2016, during an office meeting, the Probation Officer again asked defendant about the identity of Bill.  Initially in this meeting, the defendant again stated that he only knew that Bill worked with his son Nick.  Upon further questioning, defendant admitted prior knowledge that his son Nick and Bill were incarcerated together.

By way of background, on June 26, 2007, Nick pled guilty in this Court to one count racketeering, in violation of 18 U.S.C. § 1962(d) for his role in the same enterprise as the defendant, and was sentenced to 51 months imprisonment and 2 years of supervised release. Nick served his prison term at FCI Cumberland from November 2007 to December 2008, at the same time as Bill.  FCI Cumberland is a medium-security United States federal prison operated by the BOP.  Because, the defendant was found alone in his own residence with an individual who is a convicted felon, the Government submits the defendant was associating with him. Further, the defendant was not forthcoming with the Probation Officer regarding the identity of the convicted felon on more than one occasion and did not obtain permission to have this individual visit his home.

## ANALYSIS

### I. Legal Standard

A court may revoke a term of supervised release upon a finding by a preponderance of the evidence that a defendant has violated a condition of his release. 18 U.S.C. § 3583(e)(3). Depending on the facts of the case, the court may also continue, modify, or terminate a term of supervised release. *Id.* § 3583(e)(1)-(2). Upon finding a violation, a court may revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time previously served. *Id.* § 3583(e)(3). A court may impose another period of supervised release when it revokes a defendant's supervised release and imposes a term of incarceration. *Id.* § 3583(h).

The Fourth Circuit has observed that a "revocation hearing is an informal proceeding and rules of evidence need not be strictly observed." *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968); *see also Morrissey v. Brewer*, 408 U.S. 471, 484 (1972). Before modifying or revoking a term of supervised release, courts are to consider the history and characteristics of the defendant and the nature and circumstances of the offense. 18 U.S.C. §§ 3583(e) and 3553(a)(1). In addition, courts must consider the need for the sentence to provide adequate deterrence, to protect the public from the defendant, and to provide the defendant with correctional treatment, among other factors. *Id.* § 3553(a)(2) and (a)(4)-(7).

### II. Statutory and Guidelines Analysis

Defendant's underlying offense of racketeering in violation of 18 USC § 1962(d) is a Class C felony. If defendant's term of supervised release is revoked, the Court may impose a maximum of two years' imprisonment. 18 U.S.C. § 3583(e)(3). In addition, the Court may impose an additional term of supervised release of up to three years. *Id.* § 3583(h).

Under the U.S. Sentencing Guidelines, defendant's violations are Grade C violations. U.S.S.G. § 7B1.1(a)(3). At the time of sentencing in 2007, defendant was in Criminal History Category V. For a Grade C violation of supervised release and a Criminal History Category V, the Guidelines suggest a term of imprisonment of between seven and thirteen months. *See id.* § 7B1.4(a). The Guidelines, however, provide non-binding policy statements for supervised release violations. *See generally id.* Ch. 7.

### RECOMMENDATION

Before modifying or revoking a defendant's supervised release, courts are to consider to the extent applicable: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) affording adequate deterrence to criminal conduct; (3) protecting the public from further crimes of the defendant; (4) providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the types of sentences available and the applicable sentencing range; (6) any "pertinent" U.S. Sentencing Commission policy statement; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Herein, defendant has a long and serious criminal history. The conditions of the defendant's supervised release terms are very clear that he is not allowed to associate with a convicted felon, and the defendant is well aware of this requirement. It is a standard condition of supervised release. On multiple occasions, the defendant was also not forthcoming with the probation officer, and thus has not demonstrated uniform good behavior. The government asks, therefore, that this Court find defendant in violation of the terms of supervised release and recommends continuing defendant on the current term of supervision, but modifying the terms of

supervision to include a short period of incarceration.   A sanction is warranted to impress upon the defendant the importance of compliance with his terms of supervised release.

                Respectfully Submitted,

                Dana J. Boente
                United States Attorney

By:   /s/ Ruxandra Barbulescu
      Ruxandra Barbulescu
      Special Assistant United States Attorney

      Joseph Longobardo
      Special Assistant United States Attorney (LT)

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to the following:

Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for RAJ KAMAR BANSAL

In addition, I hereby certify that on June 22, 2016, I emailed a copy of the foregoing to the U.S. Probation Officer assigned to this matter:

    Elissa Martins
    U.S. Probation Officer
    Alexandria, Virginia
    Elissa_Martins@vaep.uscourts.gov

                                            By:  /s/ Alexis Gregorian

                                            Ruxandra Barbulescu
                                            Special Assistant United States Attorney
                                            U.S. Attorney's Office
                                            Eastern District of Virginia
                                            2100 Jamieson Avenue
                                            Alexandria, VA 22314
                                            Ph: (703) 299-3700
                                            Fax: (703) 299-3980
                                            ruxandra.barbulescu2@usdoj.gov